UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN P. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:04-CV-1774-TIA |
| | ) |
| CITY OF ELLISVILLE, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER AND MEMORANDUM

This matter is before the Court for review of plaintiff's amended complaint [Doc. #5] under 28 U.S.C. § 1915(e)(2)(B).[1]

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in

---

[1] On February 22, 2005, this Court granted plaintiff thirty days to file an amended complaint and to set forth as to each named defendant the specific factual allegations supporting his claim. Plaintiff timely filed his amended complaint on March 10, 2005.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The amended complaint**

Plaintiff seeks monetary relief in this action brought pursuant to 42 U.S.C. §§ 1981 and 1983. The named defendants are City of Ellisville, Jeffrey Khoury (Mayor of the City of Ellisville), Roy Teters (police officer), Wayne Moore (police officer), Debbie Majors (City of Ellisville Court Clerk), Fawzie (Joe) Safi (police officer), Donald K. Anderson ("municipal judge"), Paul Martin (City of Ellisville Prosecuting Attorney), and George Corless (police officer).[2]

---

[2]The Court notes that on page 4 of the "Statement of Claim" of the amended complaint, plaintiff claims that "Josh Dawson" violated his equal protection rights. In its Order and Memorandum of February 22, 2005, this Court specifically instructed plaintiff to list the names of all defendants in the caption of the amended complaint. Because Josh Dawson is not listed in the caption of the amended complaint, or on the list of defendants attached to page 2 of said complaint, the Court will not consider Josh Dawson to be a party-defendant to this action.

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## 42 U.S.C. § 1981

Title 42 U.S.C. § 1981 provides in pertinent part:

> All persons . . . shall have the same right . . . to make contracts, to sue, be parties, give evidence, and to full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To establish a claim under § 1981, a plaintiff must demonstrate that the defendants purposefully and intentionally discriminated against him on the basis of race. See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982); Edwards v. Jewish Hosp., 855 F.2d 1345, 1351 (8th Cir. 1988). Nothing in plaintiff's amended complaint indicates that any actions taken by defendants were motivated by purposeful race discrimination. Therefore, plaintiff's § 1981 claims are legally frivolous.

## 42 U.S.C. § 1983

Plaintiff alleges that the City of Ellisville and its Mayor, Jeffrey Khoury, violated his constitutional rights in that the "municipality [acted] in bad faith and with ill intent under the color of law to defame [him]," and "each of the defendant party [sic] named having substantial benefit from their discriminating acts or/and conspired to discriminate against [him] for the benefit of the City of Ellisville." He further claims that the City of

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Ellisville has "moneys and certain personal property belonging to [him]."

The amended complaint is legally frivolous as to defendants City of Ellisville and Jeffrey Khoury. Claims for defamation and slander are not cognizable under § 1983. Miner v. Brackney, 719 F.2d 954, 955 (8th Cir. 1983); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975). "A plaintiff can successfully invoke § 1983 only when his federal statutory or constitutional rights have been violated. Invasion of an interest in reputation alone is insufficient to establish § 1983 liability because a damaged reputation, apart from injury to a more tangible interest such as loss of employment, does not implicate any 'liberty' or 'property' rights sufficient to invoke due process." Geter v. Fortenberry, 849 F.2d 1550, 1556 (5th Cir. 1988); Paul v. Davis, 424 U.S. 693 (1976). Plaintiff does not allege a colorable violation of a "more tangible" interest related to the alleged defamation that could amount to a constitutional deprivation.

Moreover, although a municipality is not entitled to absolute immunity in § 1983 actions, it cannot be held liable under a respondeat superior theory. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policy or custom. Id. at 694. There being no such allegation in the present action, the amended complaint is legally frivolous as to the City of Ellisville.

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff's general statement that the City of Ellisville has money and personal property belonging to him fails to state a claim or cause of action. Furthermore, although the due process clause may be implicated when an individual suffers a loss of property, if the taking of property is intentional and the state provides an adequate postdeprivation remedy, there is no violation of due process. Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). Plaintiff does not claim that he lacks an adequate postdeprivation remedy. In addition, regardless of the existence of a state postdeprivation remedy, no due process claim exists if the loss of plaintiff's property was the result of negligence. See Daniels v. Williams, 474 U.S. 327, 328 (1986); accord Davidson v. Cannon, 474 U.S. 344, 347 (1986); Morton v. Becker, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

Plaintiff alleges that defendant Donald Anderson, acting as a municipal judge for the City of Ellisville, "conspired to character defamation" and allowed "defamatory matter [to] be raised during the making of [a] public record upon the specific objection of the plaintiff." Plaintiff's allegations against defendant Anderson are legally frivolous. Defendant Anderson is immune from liability for damages under § 1983, because the alleged wrongdoings

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

were performed within his judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Moreover, claims for slander and defamation are not cognizable under § 1983. Miner v. Brackney, 719 F.2d 954, 955 (8th Cir. 1983); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975).

Plaintiff alleges that he "made a formal written complaint in the form of an affidavit for prosecution of a person using emergency assistance services to misrepresent her conversation." He claims that "he attempted to pass the affidavit through the clerk's window for delivery to Josh Dawson," but defendant Debbie Majors, acting as the City of Ellisville court clerk, "refused to accept [the affidavit]" until plaintiff first filed a police report.

To prevail on a § 1983 claim, a plaintiff must first establish that he was deprived of "rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). Plaintiff's allegations against defendant Debbie Majors do not rise to the level of a constitutional deprivation and are legally insufficient to establish a denial of rights secured under the Constitution or laws of the United States. In addition, because the filing of complaints and other legal documents is an integral part of the judicial process, a court clerk would be protected by judicial immunity from damages for alleged civil rights violations

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

committed in connection with the performance of such tasks. See Smith v. Erickson, 884 F.2d 1108, 1111 (8th Cir. 1989). As such, the amended complaint is legally frivolous as to Debbie Majors.

Plaintiff further alleges that on September 24, 2004, defendant George Corless, a police officer, stopped plaintiff as he was "pushing a bicycle on the far north side walk of Daniel Boone Library . . . and unlawfully searched and unlawfully seized the person of plaintiff." Plaintiff claims that during this incident, defendant Fawzie (Joe) Safi, another police officer, "made slanderous statements to and about the plaintiff with the result of character defamation." Liberally construing the amended complaint, Corless issued plaintiff a summons for violating a city ordinance. Plaintiff states that the City of Ellisville "held trial for summons" on December 16, 2004, and that he was present to defend himself. It appears that plaintiff did not prevail at trial. He complains that the prosecuting attorney "contrived the notion that the state of mind of the officer . . . was relevant," and that "the process to defame and weigh bias on plaintiff's character for the purpose of achieving a desired result and City of Ellisville benefitting financially and politically."

To the extent that plaintiff is attempting to claim that he was illegally stopped and searched on September 24, the claim is frivolous. Cf. Malady v. Crunk, 902 F.2d 10 (8th Cir. 1990)(subsequent conviction for an underlying offense is defense to a § 1983 action asserting that arrest was made without probable

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

cause).  As previously stated, plaintiff's claims for slander and defamation are not cognizable under § 1983.  Thus, the amended complaint is legally frivolous as to defendants George Corless and Fawzie (Joe) Safi.

Plaintiff alleges that police officers Roy Teters and Wayne Moore violated his equal protection rights.  Specifically, he claims that Teters failed "to properly and thoroughly investigate legitimate claims made by plaintiff; failed to apply simple cross-reference [practical investigation mechanics] and for the purpose of condemnation, causing such, so that the City of Ellisville will benefit."  He alleges that defendant Moore "minimized . . . in a condescending tone" an affidavit for prosecution that plaintiff submitted on October 6, 2004.

To succeed on an equal protection claim which, as here, does not involve a constitutional right, plaintiff must show invidiously dissimilar treatment from that accorded to others, with no rational basis existing for the difference in treatment.  Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987); see also Divers v. Department of Corrections, 921 F.2d 191, 193 (8th Cir. 1990).  Plaintiff does not claim invidiously dissimilar treatment, and thus, the amended complaint is legally frivolous as to Roy Teters and Wayne Moore.

Last, plaintiff claims that on December 16, 2004, the City of Ellisville "held trial for summons of Kevin P. Miller to defend."  Defendant Paul Martin was the prosecuting attorney.

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff alleges that Martin "conspired to character defamation [and] . . . neglected to take appropriate action for the matter . . . [and] conspired to defeat plaintiff's right for equal protection under law." The amended complaint is legally frivolous as to Paul Martin, because a prosecutor is absolutely immune from suit for damages under § 1983 for alleged violations committed in "initiating a prosecution and in presenting the state's case." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Myers v. Morris, 810 F.2d 1437, 1448 (8th Cir. 1987). This immunity extends to allegations of vindictive prosecution. Myers v. Morris, 810 F.2d at 1446.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint, because the amended complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as Kevin P. Miller v. City of Ellisville, Jeffrey Khoury, Roy

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

<u>Teters, Wayne Moore, Debbie Majors, Fawzie (Joe) Safi, Donald K. Anderson, Paul Martin, and George Corless</u>.

An appropriate Order of Dismissal shall accompany this Order and Memorandum.

Dated this 6th day of July, 2005

                                        /s/ Jean C. Hamiton
                                        **UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com